**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No. 4:24-CV-1248-JSD |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Frank Bisignano, Commissioner of Social Security[1] (the "Commissioner") denying the application of Plaintiff Justin V. ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6.) For the reasons stated herein, the Court reverses and remands the Commissioner's decision.

**I.   BACKGROUND**

In March 2022, Plaintiff applied for DIB, alleging that he had been unable to work since January 10, 2022,[2] due to a traumatic brain injury ("TBI"), depression, arthritis, knee pain,

---

[1] Frank Bisignano was confirmed as the new Commissioner of Social Security in May 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted, therefore, for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The summary of Plaintiff's application sets forth the alleged onset date as January 10, 2020 (Tr. 172, 175); however, the parties and administrative court consistently reference a January 10, 2022, onset date (Tr. 16, 36, 202; ECF No. 17 at 2).

insomnia, vertigo, migraines, and anxiety. (Tr. 175-76, 202, 206.) His application was initially denied (Tr. 83-86), as was his request for reconsideration (Tr. 92-97). In September 2022, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (Tr. 103.)

At the September 12, 2023, hearing, Plaintiff's counsel stated that Plaintiff sustained a TBI in 2019 after falling from a stepladder. (Tr. 35.) Plaintiff testified as follows: his performance at work in 2021 was "very rough" (Tr. 43); he stopped working in 2022 after he was fired for missing too many days and not getting along with a co-worker (Tr. 38, 43); numerous problems prevented him from working, including knee and back pain, arthritis, headaches, occasional ear issues and dizziness due to headaches, forgetfulness, depression, issues getting along with others, problems staying on task, issues with concentration, and difficulty following directions (Tr. 39-40, 43-45); he took medication to treat mood, depression, blood pressure, cholesterol, fluid retention, sinuses, allergies, and migraines (Tr. 40-41, 280); and he experienced five to six headaches a month that typically resolved after about five hours with medication (Tr. 42-43).

The ALJ issued an unfavorable decision on November 20, 2023. (Tr. 11-30.) Plaintiff timely filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 170-71), which was denied on October 26, 2023 (Tr. 1-6). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner. The Court accepts the facts as set forth in the parties' respective statements of fact and responses.

## II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Act, a person is disabled if he is unable

"to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant

3

disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1); *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. 20 C.F.R. § 404.1560(c)(2); *Moore*, 572 F.3d at 523; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found as follows: Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 10, 2022; Plaintiff

4

had the severe impairments of migraine headaches, vestibular syndrome, bilateral arthritis of the knees, obstructive sleep apnea, left ear otitis media, obesity, history of TBI in 2019, anxiety, and depression; and Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 16-17.) The ALJ found that Plaintiff had the following RFC:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that claimant can frequently climb of [sic] ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently balance (as defined by the DOT/SCO) and crawl. The claimant can occasionally kneel and crouch and must avoid extreme cold and extreme heat. The claimant must also avoid exposure to a loud noise work environment defined as SCO level 4 and 5 noise intensity level and louder. He must avoid vibrations and exposure to concentrated fumes, odors, dusts, gases, and poor ventilation. The claimant is able to complete simple, routine tasks with minimal changes in job duties and setting; should avoid fast-paced production work, for example, work requiring hourly quotas, and must avoid work that requires operating a motor vehicle.

(Tr. 19.) At Step Four, the ALJ found that Plaintiff was unable to perform past relevant work at the medium or heavy exertional levels (Tr. 24-25); and at Step Five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26).

**IV.     DISCUSSION**

Plaintiff challenges the ALJ's decision on the following three grounds: (1) the ALJ failed to properly evaluate medical opinion evidence; (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints; and (3) the RFC is not supported by substantial evidence. (ECF No. 16.)

**A.  Standard for Judicial Review**

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an

5

existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted); *see Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B. ALJ's Evaluation of Medical Opinion Evidence

Plaintiff contends that the ALJ failed to properly evaluate the supportability factor in finding unpersuasive the opinion of his psychiatrist, Dr. Georgia Jones, asserting that the ALJ improperly relied on Dr. Jones's treatment records rather than the objective medical evidence and supporting explanations as set forth in the medical opinion. (Tr. 5-7.) Plaintiff also argues that the

6

ALJ failed to properly consider the supportability and consistency of the prior administrative medical findings from the non-examining State agency medical and psychological consultants, instead relying on her own interpretation of medical evidence to support the persuasiveness findings. (Tr at 3-5.)

The ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors, including supportability, consistency, the medical source's relationship with the claimant, their specialization, their understanding of the Social Security Administration's disability policies, and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). In evaluating persuasiveness, the "ALJ must explain how both supportability and consistency factors are considered." *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, *20 (8th Cir. 2021) (unpublished per curiam) (citing 20 C.F.R. § 404.1520c). In considering supportability, the ALJ is to look to the relevancy of the objective medical evidence and supporting explanations used to support the medical opinion or finding at issue. *See* 20 C.F.R. § 404.1520c(c)(1). To consider consistency, the ALJ is to compare the medical opinion or finding at issue is with the evidence from other medical sources and nonmedical sources in the claim. *See* 20 C.F.R. § 404.1520c(c)(2). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). Although the ALJ is not required to use the words "supportability" or "consistency" to demonstrate that she considered this factor, *Goss v. Kijakazi*, No. 4:21-cv-663, 2022 WL 1511521, at *3 (E.D. Ark. May 12, 2022), the ALJ's reasoning needs to be "clear enough to allow for judicial review," *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021).

7

### i. *Medical Opinion of Dr. Jones*

Initially, this Court finds that, contrary to Defendant's argument, the ALJ properly articulated supportability in analyzing the persuasiveness of Dr. Jones's opinion, as the ALJ specifically explained how Dr. Jones's opinion was not supported by her own treatment notes or mental status exams (Tr. 24). *See* 20 C.F.R. § 404.1520c(c)(1) (supportability); *see also Eberhardt v. Kijakazi*, No. 4:20-CV-01420-NCC, 2022 WL 612397, at *4 (E.D. Mo. Mar. 2, 2022) ("In addressing the 'supportability' factor, an ALJ may note that the physician's own treatment notes do not support the physician's opinion) (citing *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (listing cases)). Moreover, Plaintiff's argument that the ALJ erred by relying on Dr. Jones's treatment records rather than the explanations provided in her medical opinion is unavailing, as the ALJ thoroughly reviewed Dr. Jones's opinion (Tr. 24), and was not required to address each part of the medical opinion, *see McClure v. Saul*, No. 1:20-cv-150, 2021 WL 3856577, at *7 (E.D. Mo. Aug. 30, 2021) ("[20 C.F.R. § 404.1520c] does not require an ALJ to address each and every part of a medical opinion to show that the entire opinion was properly considered.").

### ii. *Medical Opinions of State Agency Medical Consultants*

Next, the Court considers Plaintiff's arguments concerning the ALJ's persuasiveness findings as to the medical consultants' opinions. After summarizing Plaintiff's treatment records and concluding that the overall record supported a reduced light RFC (Tr. 19-23), the ALJ found the medical consultant's findings from July 2022 were persuasive and a different medical consultant's findings from April 2022 were only somewhat persuasive (Tr. 24). Without citing the record, the ALJ explained that both opinions found Plaintiff limited to a reduced light range exertional functional capacity; however, the April evaluation indicated that Plaintiff was capable

8

of standing and/or walking for only 4 hours per workday, while the July evaluation found Plaintiff could stand and/or walk for about 6 hours per workday. (Tr. 24, 59-60, 70-72.) The ALJ then found the 4-hour limitation was inconsistent with Plaintiff's chiropractic records, normal gait, and activities of daily life (Tr. 24, 636, 800-801 838-39, 845, 858, 872, 910-11).

The ALJ appears to have sufficiently considered the consistency of the medical opinions by contrasting the findings with medical and non-medical evidence, including, for example, Plaintiff's chiropractic care, activities of daily life, and a light range exertional level as determined earlier in the ALJ's opinion. *See* 20 C.F.R. § 404.1520c(c)(2). Yet, this Court finds that the ALJ failed to adequately discuss the supportability prong in evaluating the medical consultants' opinions. The ALJ may have intended to find that the April evaluation was not supported by the same medical opinion's findings that were consistent with a reduced light range exertional functional capacity; however, the ALJ did not make this connection, and it is more likely that the reference to the medical consultant's other capacity determinations address consistency, not supportability. *See* 20 C.F.R. §§ 404.1520c(c)(1), (2); *see also Bonnett*, 859 Fed. Appx. at *20 (refusing to affirm on basis not articulated in ALJ's findings); *Stacey S. v. Saul*, No. 18-cv-3358, 2020 WL 2441430 at *15 (D. Minn. Jan. 30, 2020) ("It is not the role of this Court to speculate on the reasons that might have supported the ALJ's decision or supply a reasoned basis for that decision that the ALJ never gave.").

Indeed, the ALJ's finding lacks any supportability discussion, including for example, the relevancy of the objective medical evidence relied on in the opinions, the supporting explanations for the findings, or the form of the opinions. *See Starman*, 2021 WL 4459729, at *4; *see also Marrero o/b/o K.M. v. Kijakazi*, No. 4:22-CV-00462, 2023 WL 7155577 at *3-4 (E.D. Mo. Oct. 31, 2023) (finding that ALJ's persuasiveness discussions lacked sufficient supportability analyses,

9

where ALJ merely found the findings in the opinions were consistent with the record and supported the RFC or other findings as set forth earlier in the ALJ's opinion). Thus, the ALJ's consideration of supportability is not clear from the record, *Grindley*, 9 F.4th 631, and this Court remands this action to the Commissioner for further evaluation of the State agency medical consultants' opinions, *see Bonnett*, 859 Fed. Appx. at *20 (reversing and remanding where ALJ failed to adequately explain consistency factor) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in regulation, as failure to comply with opinion-evaluation regulation was legal error)); *see also Marrero o/b/o K.M*, 2023 WL 7155577 at *3-4 (reversing and remanding where ALJ's persuasiveness analysis as to State agency consultant's opinions failed to demonstrate "whether and to what extent the opinions themselves are supported.").

      iii.    *Medical Opinions of State Agency Psychologists*

As to the ALJ's evaluation of the State agency psychologists' opinions, the ALJ explained that the psychologist's opinion from April 2022 noted that Plaintiff had moderate limitations in all four domains of the B criteria (Tr. 57), while a different psychologist's opinion from July 2022 noted moderate limits in three domains and only mild limits in interacting with others (Tr. 68). (Tr. 24.) The ALJ then concluded that Plaintiff only had mild limits in interacting with others given his normal speech and language despite noting that he gets agitated quickly. (*Id.*)

The Court agrees with Plaintiff that the ALJ's above persuasiveness analysis was insufficient. Although the ALJ may have implied that the July opinion was more persuasive than the April opinion, the ALJ did not make express persuasiveness findings for either of the State agency psychologists' opinions. *See* 20 C.F.R. § 404.1520c(b) (ALJ must articulate how persuasive they find all of the medical opinions and all of the prior administrative medical findings

10

in the record); *see also Stacey S.*, 2020 WL 2441430 at *15. Moreover, while the ALJ addressed whether portions of the opinions were consistent with other medical and non-medical evidence, *see* 20 C.F.R. § 404.1520c(c)(2), she omitted any supportability discussion, failing to explain whether and to what extent the psychologists' opinions themselves were supported, *see* 20 C.F.R. § 404.1520c(c)(1); *Marrero o/b/o K.M*, 2023 WL 7155577 at *4. Thus, the ALJ's persuasiveness analysis was insufficient, and this Court remands this action to the Commissioner for further evaluation of the State agency psychologist consultants' opinions. *See Bonnett*, 859 Fed. Appx. at *20.

### C.  ALJ's Evaluation of Plaintiff's Subjective Complaints

Plaintiff next contends that despite suffering from several conditions that are difficult to objectively measure, the ALJ failed to conduct a pain or credibility evaluation as to his subjective complaints. (ECF No. 16 at 9-14.) This Court disagrees.

The Court defers to the ALJ's determinations regarding Plaintiff's subjective complaints if they are supported by good reasons and substantial evidence. *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016). "An ALJ may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Schwandt*, 926 F.3d at 1012 (quoting *Julin*, 826 F.3d at 1086). "When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt*, 926 F.3d at 1012 (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). "[A]n ALJ need not explicitly discuss each [of the above]

11

factor[s]." *Schwandt*, 926 F.3d at 1012 (citing *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011).

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence in the record for the reasons explained in the decision. (Tr. 20.) To support this finding, the ALJ discussed the following: Plaintiff's testimony and complaints related to his symptoms, including, for example, the frequency and duration of his headaches with medication; Plaintiff's reported activities of daily life, namely that he had engaged in activities such as caring for beef cattle and hauling rock from a quarry for others, preparing meals, changing out laundry, baling hay, mowing the grass, and putting up fencing; medical and psychological findings and observations that the ALJ found were inconsistent with disabling mental impairments, including normal thought content, good attention and insight, normal cognition and affect, good eye contact and cooperation, and normal mood and behavior; and objective medical evidence demonstrating normal cardiovascular signs, normal EEG's, normal musculoskeletal and neurological signs, normal motor function and coordination, normal muscle tone and bulk, and a steady gait. (Tr. 18-24, 316, 634-36, 639, 674, 679, 723, 800-11, 838-39, 845, 858, 872, 911.)

Based on the ALJ's consideration of the above, this Court finds the ALJ's credibility determination supported by good reasons and substantial evidence, and Plaintiff's argument to the contrary fails. *See Schwandt*, 926 F.3d at 1012; *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (ALJ did not err in evaluating claimant's subjective complaints, as he credited some complaints, but noted that objective medical evidence and claimant's daily activities were not fully consistent with allegations). To the extent that Plaintiff disagrees with the ALJ's conclusion, this Court will not reweigh the evidence. *See Renstrom*, 680 F.3d at 1064; *Schmitt v. Kijakazi*, 27 F.4th

1353, 1361 (8th Cir. 2022) (while claimant was dissatisfied with how ALJ weighed her subjective complaints against objective evidence, ALJ's analysis was proper, as it included consideration of her daily activities and functional restrictions, and it was not court's role to reweigh that evidence).

### D. RFC Determination

Finally, Plaintiff argues that the RFC is not supported by substantial evidence, as the ALJ determined the RFC solely on dated non-treating physicians' medical opinions and failed to consider most of Plaintiff's subjective complaints. (ECF No. 16 at 7-9, 13.) The Court need not address these arguments, as the ALJ's failure to adequately develop the record regarding her evaluation of the State agency consultants' opinions necessarily means that the ALJ failed to adequately develop the record to permit meaningful review of the RFC determination – which appears to be based largely on the consultant's opinions – and the overall decision. Thus, the Court is unable to find that substantial evidence supports the ALJ's RFC determination or ultimate decision, and the ALJ is to address the RFC and ultimate decision in light of her evaluation of the State agency medical and psychological consultants' opinions on remand. *See F. v. O'Malley*, No. 23-cv-3787, 2025 WL 308085 at *10 (D. Minn. Jan. 2025) (ALJ's failure to properly evaluate medical opinions necessarily prevented meaningful review of RFC and ultimate decision); *Potts v. Kijakazi*, 2023 WL 2327701 at *10 (E.D. Mo. Mar. 1, 2023) (declining to address merits of RFC determination where ALJ failed to address supportability and consistency of competing medical opinions).

### V.  CONCLUSION

For all of the foregoing reasons, this Court finds that the ALJ failed to properly weigh the medical opinion evidence and thus failed to properly assess Plaintiff's disability claim such that substantial evidence does not support the ALJ's determination. *See, e.g., Gordon v. Astrue*, 801

13

F.Supp.2d 846, 859 (E.D. Mo. 2011). The decision is therefore reversed and remanded for further consideration in accordance with this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED and REMANDED** to the Commissioner for further consideration consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Frank Bisignano shall be substituted for Martin O'Malley as the Defendant in this suit pursuant to Fed. R. Civ. P. 25(d).

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of August 2025.